[Crim. No. 1937. Second Appellate District, Division One.— September 16, 1930.]

THE .PEOPLE, Appellant, v. ARTHUR R. McCLANA-HAN, Respondent.

U. S. Webb, Attorney-General, and John L. Flynn, Deputy Attorney-General, for Appellant.

Thomas P. White and Martin J. Burke for Respondent.

YORK, J.—Appeal prosecuted by the People from an order granting motion of defendant Arthur R. McClanahan for a new trial following his conviction upon three counts

of the crime of bribery, as set forth in an indictment theretofore returned by the grand jury of Los Angeles County.

The facts of this case bring it within the rule laid down in the case of *People* v. *Canfield,* 173 Cal. 309, 311 [159 Pac. 1046, 1047] : "It was for the judge of the trial court to say what had been the effect of the evidence upon the jury, and whether or not the defendant in view of all of the facts had been given a fair trial."

The contention of the People is that the trial judge in giving his reasons for granting a new trial did not come within the provisions of that case. However, among other things, he did say in his statement that "A careful consideration of all the testimony in reviewing the entire trial forces me to the conclusion that the defendant has not received that fair and impartial trial that every person charged with crime is entitled to receive in the courts."

■ An examination of the record in this case discloses, as we think, sufficient reasons for holding that the trial judge was correct in his statement above quoted. It therefore became his duty to grant a motion for a new trial.

The order is affirmed.

Houser, J., concurred.

CONREY, P. J., Concurring.—I concur in the judgment. The statement, or opinion, of the trial judge in announcing the reasons for his decision on the motion for a new trial is not to be accepted as constituting the decision of the court. The grounds of the motion for a new trial included, among other things, the claim of defendant that the verdict was contrary to the evidence. The order as entered in the court minutes (Clerk's Transcript, p. 46) is a general order granting the motion. If (as may be assumed from the order as set forth in the record) the court was of the opinion that the verdict was not justified by the evidence, that fact alone requires affirmance of the order unless a clear abuse of discretion appears. (*People* v. *Ferlin,* 203 Cal. 587, 596 [265 Pac. 230] ; *People* v. *White,* 85 Cal. App. 241, 244 [259 Pac. 76].) But it does not appear that the order is the result of any abuse of discretion.